[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14643
Non-Argument Calendar
_____

D.C. Docket No. 4:13-cv-00204-BAE-GRS


DEAN FAGERSTROM,

Plaintiff-Appellant,

versus

CITY OF SAVANNAH, GEORGIA,
WILLIE C. LOVETT,
Individually,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(September 24, 2015)

Before ED CARNES, Chief Judge, JORDAN, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Dean Fagerstrom is a police officer in Savannah, Georgia. After being passed over for a promotion, he sued the former police chief, Willie Lovett. He brought a § 1983 racial discrimination claim against Lovett, alleging an equal protection violation. Lovett filed a motion for summary judgment, which the district court granted. This is Fagerstrom's appeal.[1]

We review <u>de novo</u> the district court's grant of summary judgment and view the record in the light most favorable to Fagerstrom. <u>Weeks v. Harden Mfg. Corp.</u>, 291 F.3d 1307, 1311 (11th Cir. 2002). Although the district court granted summary judgment because it determined that Lovett was entitled to qualified immunity, we may affirm its decision on any ground supported by the record. <u>Parks v. City of Warner Robins</u>, 43 F.3d 609, 612–13 (11th Cir. 1995).

In 2011 Fagerstrom was a captain with the Savannah police department. Two of the department's four majors left their positions that year, and Fagerstrom applied for a promotion from captain to major. He did not receive it. Lovett promoted two other captains instead. It is undisputed that both Fagerstrom and those other two captains were qualified for the promotion. Fagerstrom alleges that they were chosen instead of him because they are white, and he is not. Fagerstrom's father was Swedish and his mother, Japanese. When he first applied to work for the police department in the early '80s, though, he identified himself

---

[1] Fagerstrom also brought a § 1981 racial discrimination claim against Lovett and an equal protection claim against the city. He has expressly abandoned both of those claims on appeal.

2

on his employment application as "white."  At some point since then — the record only specifies that it was no later than 2007 — Fagerstrom informed the department's personnel unit that he now identifies as "Asian" or "Asian-American" and not white.  His racial self-identification is an undisputed fact.[2]  Cf. St. Francis Coll. v. Al-Khazraji, 481 U.S. 604, 613, 107 S. Ct. 2022, 2028 (1987) (interpreting 42 U.S.C. § 1981 to forbid intentional discrimination based on "ancestry or ethnic characteristics," whether or not those characteristics "would be classified as racial in terms of modern scientific theory").  For purposes of this appeal, three facts are undisputed:  (1) Fagerstrom is Asian or Asian-American; (2) He was qualified for a promotion to major; and (3) Lovett promoted two white captains to major instead of Fagerstrom.

Assuming that those three facts are enough to show a prima facie case of a discriminatory failure to promote,[3] the burden shifts to Lovett to produce a legitimate, nondiscriminatory reason for his decision.  Combs v. Plantation

---

[2] Self-identification is an accepted method of establishing racial identity; in fact, it is the EEOC's preferred method.  See EEOC v. Kaplan Higher Educ. Corp., 748 F.3d 749, 753 (6th Cir. 2014) ("[T]he EEOC itself discourages employers from visually identifying an individual by race and indicates that visual identification is appropriate 'only if an employee refuses to self identify.'") (some quotation marks omitted) (quoting Implementation of Revised Race & Ethnic Categories, http://www.eeoc.gov/employers/eeo1/qanda-implementation.cfm (last visited July 8, 2015 and available in the Clerk of the Court's case file, see 11th Cir. R. 36 I.O.P. 10)).

[3] A prima facie case of a discriminatory failure to promote has four elements.  A plaintiff must show:  "(1) that he is a member of a protected class; (2) that he was qualified for and applied for the promotion; (3) that he was rejected; and (4) that other equally or less qualified employees who were not members of the protected class were promoted."  Combs v. Plantation Patterns, 106 F.3d 1519, 1539 n.11 (11th Cir. 1997).

Patterns, 106 F.3d 1519, 1528 (11th Cir. 1997).  According to Lovett's testimony, he perceived Fagerstrom as less trustworthy and loyal than the two white captains whom he promoted to major.  That satisfies Lovett's burden.  See Nix v. WLCY Radio/Rahall Commc'ns, 738 F.2d 1181, 1187 (11th Cir. 1984) ("The employer may fire an employee for a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all, as long as its action is not for a discriminatory reason.").

The burden shifts to Fagerstrom once again, and he must show that the reasons given by Lovett for promoting the two white captains instead of Fagerstrom were a pretext for racial discrimination.  See Combs, 106 F.3d at 1528. To show pretext, Fagerstrom must show that Lovett was acting out of "a discriminatory intent or motive" when he refused to promote Fagerstrom.  Ricci v. DeStefano, 557 U.S. 557, 577, 129 S. Ct. 2658, 2672 (2009) (quotation marks omitted); see Damon v. Fleming Supermkts. of Fla., Inc., 196 F.3d 1354, 1361 (11th Cir. 1999) (describing "our sole concern" in the pretext analysis as "whether unlawful discriminatory animus motivate[d] a challenged employment decision"). Fagerstrom cannot show that Lovett acted with discriminatory intent because a fourth fact is undisputed:  At the time Lovett chose the two white captains for the promotion, he thought that Fagerstrom was white as well.

4

Without <u>knowledge</u> of Fagerstrom's Asian racial identity, Lovett cannot have acted with an <u>intent</u> to discriminate based on that identity.  See <u>Silvera v. Orange Cnty. School Bd.</u>, 244 F.3d 1253, 1262 (11th Cir. 2001) ("Racial discrimination is an intentional wrong.  An empty head means no discrimination.  There is no 'constructive intent,' and constructive knowledge does not show actual intent.") (alteration omitted) (quoting <u>Pressley v. Haeger</u>, 977 F.2d 295, 297 (7th Cir. 1992)); <u>see also</u> <u>Pressley</u>, 977 F.2d at 297 ("Knowledge plays a role in forming or ascertaining intent.  Haeger could not discriminate against Pressley on account of race if he did not know Pressley's race."); <u>cf.</u> <u>United States v. Ochoa-Vasquez</u>, 428 F.3d 1015, 1042 (11th Cir. 2005) ("If the government could not determine the ethnicity of the potential jurors in the venire, then it could not improperly strike them on that basis.").

According to Lovett, at the time that he chose to promote the two white captains to major, he did not know that Fagerstrom was not white.  Fagerstrom has pointed to nothing in the record that contradicts that testimony.  Before the district court, he questioned the plausibility of Lovett's testimony, but his brief to this Court does not even mention the testimony, much less point to anything in the record or make any argument that contradicts it.  He has abandoned his challenge to Lovett's testimony.  See <u>Access Now, Inc. v. Sw. Airlines Co.</u>, 385 F.3d 1324, 1330 (11th Cir. 2004) ("If an argument is not fully briefed (let alone not presented

5

at all) to the Circuit Court, evaluating its merits would be improper both because the appellants may control the issues they raise on appeal, and because the appellee would have no opportunity to respond to it."). That means we are to take it as given that Lovett thought Fagerstrom was white when the allegedly discriminatory promotion decision was made. Lovett therefore cannot have intended to discriminate against Fagerstrom because he was not white. See Silvera, 244 F.3d at 1262. There is no evidence in the record that Lovett acted with discriminatory intent, so there is no evidence that Lovett's given reasons for failing to promote Fagerstrom were a pretext for racial discrimination. The district court properly granted summary judgment to Lovett. See Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 921 (11th Cir. 1993) ("[T]he grant of summary judgment [is] appropriate when evidence of discriminatory intent is totally lacking . . . .").

**AFFIRMED.**